## UNITED STATES OF AMERICA *v.* I. MIYAMA.

### DATED: MAY 22, 1903.

1. The port of Honolulu is a port of the United States, and the importation of women therein for purposes of prostitution is an importation "into the United States."
2. Not necessary to prove date of offense set up in indictment; if proven to have been committed within three years prior to finding of indictment, the law is satisfied.
3. Where law makes a crime a felony, any attempt to violate the law in that respect is an attempt to "feloniously" commit the specified crime. "Knowingly" to commit a crime is to go about its commission with a knowledge of what one intends to do.
4. A man is presumed to know the result of his acts.
5. A wilful doing, when used in the language of the penal statutes, is the doing with an evil intent, without a reasonable belief that the doing of the act is lawful.
6. In order to sustain a charge of importation of a woman for purposes of prostitution, it must be shown beyond a reasonable doubt that at the time of the importation by the defendant it was his pur-

pose that the woman should engage in prostitution in this country.

7.  In considering question of intent, jury 'has right to take into consideration kind of place the woman was taken to on arrival in the country, character of practices engaged in by her, and whether such practices were with knowledge and consent of defendant.

8.  Circumstantial evidence is legal evidence; must be acted upon in the same manner as if direct.

9.  In attempting to prove that a certain house is a house of prostitution, it is permissible to show that it is located among houses having a general reputation of that character; or that it is known in the community as a house of ill fame.

10.  Confessions freely and voluntarily made are evidence of the most satisfactory character.

11.  The government in a criminal case is not bound by the testimony of a witness produced in its behalf, where such testimony is contrary to statements made by such witness out of court to the prosecuting officers of the government, and which statements resulted in the bringing of the charges against the defendant.

12.  While such prior statements cannot be taken as proof of the facts stated, yet it is proper to admit such statements on the trial.

CRIMINAL LAW.
Indictment under Section 3 of Act of Congress of March 3, 1875, entitled an "Act supplementary to the Acts in relation to immigration."

*R. W. Breckons,* United States District Attorney, for the government.

*J. W. Cathcart,* for defendant.

#### CHARGE TO THE JURY.

ESTEE, J.    Gentlemen of the jury:    The prosecution in this case is based upon an alleged violation of the provisions of Section 3 of the Act of Congress of March 3, 1875, entitled "An Act supplementary to the acts in relation to immigration." (Vol. 1, Supplement to Revised Statutes of the United States, Page 86.)

The indictment contains but one count, which is as follows:

That the defendant did on the eleventh day of June, 1902, "feloniously, knowingly and wilfully import from the empire of

Japan into the United States of America, to-wit: to the port of Honolulu, within the District and Territory of Hawaii, a certain woman, called Itono Miyama, for the purposes of prostitution at the said port of Honolulu."

Gentlemen of the jury, I will read for your instruction, that provision of the law held to be violated, to-wit:

"That the importation of women into the United States for the purposes of prostitution is hereby forbidden; and all contracts and agreements in relation thereto made in advance or in pursuance of such illegal importation and purposes, are hereby declared void; and whoever shall knowingly and wilfully import or cause any importation of women into the United States for the purposes of prostitution, or shall knowingly or wilfully hold or attempt to hold any woman to such purposes in pursuance of such illegal importation and contract or agreement, shall be deemed guilty of a felony......"

The law further providing for a specified penalty upon conviction of any such offense.

Gentlemen of the jury, I instruct you that the port of Honolulu is a port of the United States and is an American port, and the importation of any woman into the port of Honolulu for the purposes of prostitution, is an importation into the United States within the meaning of the law.

You are the exclusive judges of the facts in this case. I will instruct you as to the law bearing upon the testimony offered. And I wish to state to you that a defendant is presumed to be innocent until he is proven guilty; that is, he is considered innocent until your minds are satisfied, beyond a reasonable doubt, that he is guilty. And by a reasonable doubt, gentlemen, I mean such a doubt as leaves your mind in such a state of uncertainty that you cannot arrive at a conviction of guilt.

In considering the evidence before you, gentlemen, you are not to be controlled by the number of witnesses who may have testified on one side or the other; but rather by their credibility and by the conviction which the testimony of any one or more witnesses may convey to your minds of the truth or falsity of the charge made. In this respect, I charge you that the burden of

26—U. S. D.

proving the truth of the charges against the defendant is on the government, and it must satisfy your minds on that point. But it is not necessary that this charge should be proven as of the actual date set up in the indictment. Under the law, if this offence is proven to have been committed within three years prior to the finding of the indictment, the law is satisfied.

Gentlemen of the jury, the defendant is charged in the language of the indictment, to have "feloniously, knowingly and wilfully" committed the offense named, to-wit: imported into this territory from the empire of Japan, a certain woman, Itono Miyama, for the purpose of prostitution in the city of Honolulu.

I do not think it necessary for me to explain the term prostitution. In the language of the statute which I have heretofore read to you, there can be no mistake as to its meaning. But I do instruct you, that the crime with which the defendant is charged is a felony, and where the law makes a crime a felony, then any attempt to violate the law in that respect is an attempt to "feloniously" commit the specified crime. "Knowingly" to commit a crime is to go about the commission thereof with a knowledge of what one intends to do. A man is presumed to know the result of his acts, and where the indictment alleges a willful doing, it means not alone doing with knowledge and acting as a free agent, but when used in the language of the penal statutes as in this case, it means a doing with an evil intent, without a reasonable belief that the doing of the act is lawful.

I, therefore, instruct you, gentlemen of the jury, that if you believe from the evidence that the defendant herein at the time stated in the said indictment, or within three years before the finding of the same, brought into this territory from the empire of Japan, the woman, Itono Miyama, knowingly and wilfully and feloniously intending to use that woman for purposes of prostitution, and that the said woman did enter upon the practices of a prostitute with the knowledge and consent of the defendant, then I instruct you that the said defendant has committed a felony under the law, and you should find him guilty as charged.

It is charged in the indictment that the woman was imported

for the purpose of prostitution within the United States. In order to sustain the charge that the purpose of importation was that of prostitution, it is necessary that the government should establish to your minds, beyond a reasonable doubt, as defined in these instructions, that at the time of the importation by the defendant of the woman, Itono Miyama, it was the purpose of the defendant that the woman should engage in prostitution in this country.

As bearing on the question of intent, you have a right to take into consideration the kind of place to which the defendant took the woman upon her arrival in this country; you have further the right to take into consideration the kind of practices in which the evidence may show the woman engaged, and whether such practices were indulged in by her with the knowledge and consent of the defendant.

Certain circumstantial evidence was introduced in this case; indeed, the main facts were attempted to be proven by the government by circumstantial evidence. In this behalf, I instruct you that circumstantial evidence is legal evidence; and when evidence of that character satisfies you beyond a reasonable doubt of the truth thereof, you are bound to act upon it in the same way as if it were direct evidence. It is almost impossible in this class of cases to obtain direct evidence. The law, therefore, permits the best testimony obtainable. For instance, in attempting to prove that a certain house was or is a house of prostitution, it is permissible to show that it is located among houses having a general reputation of that character, or that it is known in the community as a house of ill fame. In a word, that it has the general reputation of being a house of prostitution and proof of its general reputation in the place where it is situated is introduced. Or, in attempting to prove that this woman is a prostitute, certain circumstances may be shown, among them being the fact that she lives among prostitutes or people having the general reputation of being prostitutes; that she has no respectable pursuit in life, or that she lives in a house having the general reputation of a house of prostitution.

Gentlemen of the jury, the witness, Geffeney, called for the

government, testified that the defendant stated to the witness that the woman, Itono Miyama, practiced prostitution in the Territory of Hawaii with the knowledge and consent of the defendant.

You are instructed that a confession if freely and voluntarily made, is evidence of the most satisfactory character; it is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt and, therefore, it is admitted as proof of the crime to which it refers; and in this case, if you believe from the evidence that the statements alleged to have been made by the defendant to the witness, Geffeney, were in fact made, and were freely and voluntarily made, then I charge you that such statements are evidence of the most satisfactory character that the woman, Itono Miyama, was in fact practicing prostitution within the Territory of Hawaii, with the knowledge and consent of the defendant. *Hopt v. People of Utah*, 110 U. S. 574.

The woman, Itono Miyama, who is alleged to have been brought into this territory for the purposes of prostitution, was introduced as a witness by the government, but when called upon to testify stated that she was not a prostitute and had not been brought to the United States for the purposes of prostitution. Thereupon the District Attorney was permitted to prove that the witness, Itono Miyama, made a statement pending the investigation, which resulted in the bringing of this action, to the effect that she had been brought to the United States for the purpose of prostitution by the defendant and had engaged in the practice of prostitution for the benefit of the defendant while in the United States. While the statement thus made by her to the officers in such investigation cannot be taken as proof of the facts stated by her, nevertheless the admission of such testimony was proper. The witness having made such a statement to the officers, the government was justified in believing that the witness would so state in Court, and I charge you that the government is not bound by the statements of witnesses made in Court contrary to the statements made out of Court.

In conclusion, gentlemen of the jury, I instruct you again,

that you are the judges of the truth or falsity of all testimony offered in the case as you are the sole judges of the facts.

I instruct you further that it is the duty of the United States officers to see that the laws thereof are enforced, and their acts legally performed in attempting to bring before the Courts for trial those parties whom they deem to be violators of the law, are in the line of their duty and they should not be criticized for performing that duty.

It will require the unanimous assent of all your members to arrive at a verdict in this case. The United States District Attorney will furnish you with forms of verdict.

Note: To same effect see case of *U. S. v. Hirota*, dated April 25, 1903, not reported.